FRANK W. NEMECEK (SBN 62260)
fnemecek@nemecek-cole.com
VIKRAM SOHAL (SBN 240251)
vsohal@nemecek-cole.com
**NEMECEK & COLE**
A Professional Corporation
15260 Ventura Boulevard, Suite 920
Sherman Oaks, CA 91403
(818) 788-9500 Telephone
(818) 501-0328 Facsimile

Attorneys for Plaintiff
FUDY PRINTING CO., LTD.

# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FUDY PRINTING CO., LTD. | Case No. 17-cv-3863 |
| Plaintiff, | **COMPLAINT FOR:** |
| vs. | **(1) BREACH OF CONTRACT;** |
| ALIPHCOM, INC. *d/b/a* JAWBONE, | **(2) ACCOUNT STATED;** |
| Defendant. | **(3) QUANTUM MERUIT; AND** |
| | **(4) UNJUST ENRICHMENT** |

2803001P.01

**COMPLAINT**

COMES NOW Plaintiff, FUDY PRINTING CO., LTD. ("Fudy"), and for its causes of action against Defendant, ALIPHCOM, INC. *d/b/a* JAWBONE ("Jawbone"), states and alleges as follows:

## JURISDICTION & VENUE

1.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(2) as the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interests and costs, and the action is between citizen of a State and citizen of a foreign state.

2.  Venue before this Court is proper pursuant to 28 U.S.C. § 1391(b)(1) as Jawbone resides in this judicial district.

## PARTIES

3.  Fudy is a limited company organized under the laws of Taiwan with its principal place of business located in New Taipei City, Taiwan.

4.  Based on information and belief, Jawbone is a California corporation with its principal place of business located at 99 Rhode Island Street, San Francisco, California 94103.

## GENERAL ALLEGATIONS

5.  Fudy is a leading designer, manufacturer, and supplier of packaging products such as folding cartons, display boxes, rigid boxes, and custom boxes. Fudy serves customers worldwide, including manufacturers and retailers, who purchase Fudy's products to package, market and sell their own products.

6.  Fudy is the parent company of the Fudy Group of entities that include, among other entities, EASE SUCCESS LIMITED ("Ease Success") and PRIME CHANCE LIMITED ("Prime Chance"). Both Ease Success and Prime Chance were established by Fudy for purposes of processing orders from Fudy's foreign customers, such as Jawbone, and delivering those orders to factories in mainland China for manufacturing and exports. Thus, Ease Success and Prime Chance, on behalf of Fudy,

process the purchase orders ("POs") of Fudy's foreign customers and also generate invoices to those customers for payment.

7. Based on information and belief, Jawbone is a consumer technology and wearable products company that develops and sells wearable technology such as wristbands and portable audio devises, wireless speakers, Bluetooth headsets, and related technology.

8. On or about June 12, 2014, Fudy and Jawbone entered into a Supply Agreement (the "2014 Agreement") whereby Fudy agreed to supply certain packaging products to Jawbone on a continuing basis and Jawbone agreed to pay for those products (in USD) on the agreed upon "Net 60" payment terms. Ease Success, on behalf of Fudy, processed and handled the POs Jawbone submitted pursuant to the 2014 Agreement. In addition, Ease Success issued the invoices to Jawbone for the packaging products delivered to, and accepted by, Jawbone under the 2014 Agreement.

9. On or about May 1, 2016, Fudy and Jawbone entered into another Supply Agreement (the "2016 Agreement") whereby Fudy, through Prime Chance, agreed to supply certain packaging products to Jawbone on a continuing basis and Jawbone agreed to pay for those products (in USD) on the agreed upon "Net 60" payment terms. Prime Chance, on behalf of Fudy, processed and handled the POs Jawbone submitted pursuant to the 2016 Agreement. In addition, Prime Chance issued invoices to Jawbone for the packaging products delivered to, and accepted by, Jawbone under the 2016 Agreement.

10. Fudy, through Ease Success and Prime Chance, performed all of its duties and obligations under the 2014 and 2016 Agreements, but Jawbone failed to pay for the packaging products it received pursuant to the terms of those agreements. Indeed, that last two payments of $4,050.00 and $2,340.00 that Jawbone made under the 2014 and 2016 Agreements, respectively, were on July 1, 2016. To date, the total outstanding balance is $712,219.36 -- which consists of $650,856.86 in unpaid

invoices for the packaging products that Fudy (through Ease Success) delivered to Jawbone under the 2014 Agreement, and $61,326.50 in unpaid invoices for the packaging products that Fudy (through Prime Chase) delivered to Jawbone under the 2016 Agreement. Despite numerous demands, Jawbone has refused and continues to refuse to pay the substantial sum it currently owes to Fudy.

## FIRST CAUSE OF ACTION
### (Breach of Contract)

11. Fudy incorporates and re-alleges every allegation set forth in Paragraphs 1-10, *supra*, as if set forth in full herein.

12. Fudy and Jawbone entered into the 2014 Agreement whereby Fudy agreed to supply certain packaging products to Jawbone through Ease Success and Jawbone agreed to pay for those products (in USD) on the agreed upon "Net 60" payment terms.

13. Fudy and Jawbone also entered into the 2016 Agreement whereby Fudy agreed to supply certain packaging products to Jawbone through Prime Chance and Jawbone agreed to pay for those products (in USD) on the agreed upon "Net 60" payment terms.

14. Fudy performed its duties and obligations under the 2014 and 2016 Agreements and billed Jawbone for the products it delivered to Jawbone and that Jawbone accepted. Jawbone, however, breached the 2014 and 2016 Agreements by failing to pay for the packaging products it received and accepted under those Agreements.

15. Fudy made numerous demands upon Jawbone to pay the sum that is past due, owing and unpaid, but Jawbone has refused, and continues to refuse, to pay the same, all to Fudy's damage.

16. Fudy has performed and satisfied each and every condition or has been excused from performing its obligations to be performed under the 2014 and 2016 Agreements.

17.     As a direct and proximate result of Jawbone's breaches of the 2014 and 2016 Agreements, Fudy has suffered damages of approximately $712,219.36, the exact amount to be proven at trial.

## SECOND CAUSE OF ACTION
### (Account Stated)

18.     Plaintiff incorporates and re-alleges every allegation set forth in Paragraphs 1-17, *supra*, as if set forth in full herein.

19.     Fudy rendered valuable services and furnished valuable products to Jawbone for Jawbone's sole benefit.  Jawbone accepted, used and enjoyed such services and products from Fudy.  Jawbone knew or should have known that Fudy, in performing such services and furnishing such products, was expecting to be paid by Jawbone.

20.     On or about February 15, 2017, an account was stated in writing by Fudy to Jawbone that Jawbone remained indebted to Fudy for the aforementioned services and products it delivered through Ease Success and Prime Chance in the amounts of $650,856.86 and $61,362.50, respectively.

21.     Jawbone has failed and refused to pay the balance due or any portion thereof, and there is now due, owing, and unpaid from Jawbone to Fudy the sum of at least $712,219.36.

## THIRD CAUSE OF ACTION
### (Quantum Meruit)

22.     Fudy incorporates and re-alleges every allegation set forth in Paragraphs 1-21, *supra*, as if set forth in full herein.

23.     Fudy rendered valuable services and furnished valuable products to Jawbone for Jawbone's sole benefit.

24.     Jawbone accepted, used and enjoyed such services and products from Fudy.

25. Jawbone knew or should have known that Fudy, in performing such services and furnishing such products, was expecting to be paid by Jawbone.

26. Demand for payment for the services and products has been made by Fudy to Jawbone, but Jawbone has refused, and continues to refuse, to pay Fudy.

27. The fair and reasonable value of the services and products Fudy provided to Jawbone is approximately $712,219.36.

28. Fudy has suffered damages as a direct result of Jawbone's actions in an amount no less than $712,219.36, the exact amount to be proven at trial.

## FOURTH CAUSE OF ACTION
### (Unjust Enrichment)

29. Plaintiff incorporates and re-alleges every allegation set forth in Paragraphs 1-28, *supra*, as if set forth in full herein.

30. Jawbone has received the benefits of Fudy's services and products as set forth above.

31. In furnishing said services and delivering said products, Fudy was not acting as a volunteer, and Jawbone has accepted the benefits of that which Fudy has furnished without paying for said services and products.

32. Therefore, Jawbone has been unjustly enriched and further, it would be inequitable for Jawbone to be allowed to retain the benefits to Fudy's services and products without being ordered to pay a sum no less than $712,219.36.

WHEREFORE, Fudy respectfully requests that:

1. The Court enter judgment in favor of Fudy and against Jawbone;

2. The Court award money damages to Fudy in an amount not less than $712,219.36, plus all applicable prejudgment and post-judgment interest;

3. The Court award Fudy the attorneys' fees it incurred pursuant to the provisions of the 2014 and 2016 Agreements;

4. The Court award Fudy costs of this suit; and

5. The Court award Fudy such other and further relief as it may deem appropriate.

**NEMECEK & COLE**

Dated: July 7, 2017         By: /s/Vikram Sohal
                            VIKRAM SOHAL, ESQ.
                            Attorneys for Plaintiff
                            FUDY PRINTING CO., LTD.